LOVE
*v.*
McCOMAS.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## J. P. WALWORTH et al. *v.* J. ROUTH.

The law of the forum governs in matters of prescription.

The statutes of limitations of the other States are engrafted upon our law as to judgments only when two conditions concur : 1st, where the judgment has been rendered between persons who reside out of the State, and to be paid out of the State. 2dly, where the defendant removes to the State of Louisiana, after he has become entitled to the benefit of the statute of limitations of the place where the judgment was rendered.

14   205
107  317

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J.
  *H. B. Shaw*, for plaintiff.   *A. Snyder* and *T. P. Farrar*, for defendant and appellant.

MERRICK, C. J.   In 1841 the Planters' Bank of Mississippi, obtained two judgments in the Circuit Court of Adams county in that State, against the defendant and certain other parties; the one for $15,737 72, and the other for $7,707 58, and interest.   In 1843, that bank made an assignment of its effects to the plaintiffs, in trust to pay its debts.   In 1845, the charter of the bank was declared forfeited.

The judgments above referred to, having been rendered in favor of the bank, the charter of which had been declared forfeited, the plaintiffs, as Trustees, were driven to obtain the aid of a Court of Chancery to inforce the judgments rendered in the name of the bank against the defendants.   A suit in chancery was accordingly commenced in 1849, against the defendants, before the Vice-Chancellor of the Southern District of Mississippi.

It resulted in a decree in favor of the plaintiffs against the defendants in the sum of $40,052 85, with eight per cent. interest, from 28th day of December, 1850.   The decree was signed the 31st day of December, 1850.   A writ of error was prosecuted in the name of all the defendants to the High Court of Errors and Appeals of Mississippi.   The decree of the Vice-Chancellor was affirmed, with five per cent. damages in October, 1854.   But the proof shows that the defendant, *John Routh*, did not authorize the prosecution of the writ of error on his behalf.

The present suit was instituted on the 10th day of May, 1858, to recover the sum and interest awarded by the decree of the Vice-Chancellor, with the damages, on the affirmance of the same, before the High Court of Errors and Appeals.

The pleas of prescription of seven years under the statutes of Mississippi, and ten under our own, were interposed by the defendant as a bar to plaintiffs' action. They were unavailing in the lower court, and he prosecutes his appeal.

Those two pleas present the only questions now insisted upon before this court.

Since the commencement of the suit in the Vice-Chancellor's Court in 1849, to the present time, the defendant, *Routh*, has been a resident of Louisiana.

The Mississippi statute of limitations supposed to be fully naturalized in Louisiana by the Act of March 15th, 1855, is in these words, viz :

" All actions of debt founded on any judgment or decree rendered by any court of record in this State, shall be brought within seven years next after the rendition of such judgment or decree, and not after ; and no execution shall issue on any such judgment or decree, after seven years from the date of the issuance of the last preceding execution on such judgment or decree.

Our own statute authorizing the plea upon a foreign statute of limitations in certain cases, is as follows :

" Be it enacted, &c., That whenever any contract or obligation has been entered into, or judgment rendered, between persons who reside out of the State of Louisiana, and to be paid and performed out of this State, and the said contract, obligation or judgment, is barred by prescription or the statute of limitations of the place where the contract or obligation is to be performed, or judgment executed, the same shall be considered and held as barred by prescription in Louisiana, upon the debtor, who is thus discharged, subsequently coming into the State."

By Article 3508 C. C., the Act of 14th of March, 1848, (Acts 1848, p. 60,) and the Act of 30th of April, 1853, (Acts 1853, p. 250,) the ordinary prescription of a judgment is ten years.

As the law of the forum governs in matters of prescription, it is evident that the statute of limitations of Mississippi above cited, can have no force *proprio vigore.* It can have effect only in virtue of and to the extent admitted by our law. It is engrafted upon our law as to judgments, only where the two following conditions concur :

1st. Where the judgment has been rendered between persons who reside out of the State of Louisiana, and there to be paid ; and,

2dly. Where the defendant removes to the State of Louisiana *after he has become entitled to the benefit of the plea of the statute of limitations* of the place where the judgment was rendered.

The language of the statute is quite clear, and presents no difficulty of construction.

It is evident that the defendant cannot bring himself within either of the above conditions. It is needless, therefore, to inquire whether he could have successfully pleaded the statute of limitations to an action of debt brought in Mississippi on the Vice-Chancellor's decree.

The next question then is, can the law of Louisiana avail the defendant ?

The judgments rendered in 1841, in favor of the Planters' Bank, were merged in the decree in favor of the plaintiffs in 1850. Those judgments, after the rendition of the decree, would not have formed the basis for an action of debt or *siria facias.*

This suit, therefore, was properly brought upon the decree, and not upon the original judgments ; and *Routh* must have a plea, which will be a bar to the action on the decree, or fail in his defence. He is a resident of Louisiana, and no foreign law can protect him. The period required by our law (ten years) has not elapsed, since the rendition of the decree.

The plaintiff, conceding the fact that the writ of error was prosecuted without authority from *Routh*, waived the damages given by the High Court of Errors and Appeals.

The decree of the Vice-Chancellor being in favor of plaintiffs as trustees, no question has been raised as to their capacity to bring this suit, and that decree is a bar to all defences which might have been pleaded to the suit in chancery.

The judgment of the lower court rests upon true principles and cannot be disturbed.

Judgment affirmed.